IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EDWARD J. BAILEY                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 1:03CV103-B-D

BECON CONSTRUCTION COMPANY, INC.,
CHOCTAW GENERATION LIMITED PARTNERSHIP,
TRACTEBEL CHOCTAW OPERATIONS,
INC., HYDRO-VAC INDUSTRIAL SERVICES, INC.,
AND MOLE-MASTER SERVICES, INC.                                    DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the court upon the motion of third-party defendant Safway

Services, Inc., for summary judgment.  Upon due consideration of the motion, response, exhibits,

and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

Third-party defendant Safway Services, Inc., entered into a subcontract with Becon

Construction Co., Inc., on March 4, 2002, to "provide the services of Scaffold Builders" for the

construction of the Red Hills Generation Facility near Ackerman, Mississippi.  The agreement

contained the following indemnity provision:

> SUBCONTRACTOR shall indemnify and defend CONTRACTOR and OWNER
> against all suits, actions, loss, damage, expense and liability for any breach of this
> subcontract or injuries (including death) or damages to persons or property
> resulting from, arising out of, or in any way connected with the performance of
> this subcontract.  SUBCONTRACTOR'S aforesaid indemnity obligations shall
> apply to the fullest extent permitted by law, but in no event shall they apply to
> liability caused by the sole negligence or willful misconduct of CONTRACTOR
> or OWNER.

The plaintiff, Edward Bailey, alleges that on March 10, 2002, he sustained severe injuries

during the course and scope of his employment with Safway Services, Inc., when a large piece of

coal fell and hit him while he was erecting scaffolds in a silo during construction of the Red Hills

facility. The force of the coal knocked him off the scaffolding, and he fell a distance of

approximately twenty feet to the ground.

The plaintiff settled his claim against Safway's workers' compensation carrier in a total

amount of $37,441.25 and filed this suit against the owners of the plant, Tractebel Choctaw

Operations, Inc., and Choctaw Generation Limited Partnership, the general contractor, Becon

Construction, and other subcontractors. The owners, general contractor, and Safway moved for

summary judgment, and the court held a hearing on the motions on June 2, 2005. The court

granted the motions of Becon, Tractebel, and Choctaw, but these parties declined to dismiss their

third-party complaint against Safway. Counsel for Becon, Tractebel, and Choctaw informed the

court that, even though they can no longer be held liable for damages, the parties seek

indemnification for attorneys' fees and insurance for the costs incurred by the owners and

contractor in defending against the plaintiff's claims. The court withheld its ruling on Safway's

summary judgment motion at the hearing but is now ready to rule.

Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial

burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal

Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings

and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,'

designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S.

at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. Before finding that no genuine issue for trial

exists, the court must first be satisfied that no rational trier of fact could find for the non-movant.

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348,

1356, 89 L. Ed. 2d 538, 552 (1986).

### Analysis

Safway argues that it is protected by the exclusive remedy provision of the Mississippi

Workers' Compensation statute and cites *Smith Petroleum Serv., Inc. v. Monsanto Chem. Co.*,

420 F.2d 1103 (5th Cir. 1970), in support of its argument. In *Smith Petroleum*, the Fifth Circuit

held that the exclusive remedy provision extended to protect an employer from third-party claims

for indemnity. *Smith Petroleum Serv., Inc.*, 420 F.2d at 1112.

The third-party plaintiffs argue, however, that *Smith Petroleum* is inapplicable to the

present case because no indemnity provision was included in the contract at issue in that case.

The contrary is true in the case at bar. The third-party plaintiffs cite *Lorenzen v. South Central*

*Bell Telephone Co.*, 546 F. Supp. 694 (S.D. Miss. 1982), in support of the proposition that an

express indemnity provision takes the case outside the exclusive remedy provision. The

provision at issue in that case, however, was very broad and provided that the subcontractor was

to indemnify South Central Bell for all injuries – even if caused solely by the negligence of South

Central Bell. The indemnity clause in the agreement between Safway and the third-party

plaintiffs clearly applies only when Safway has proven to be negligent in its performance of the

3

subcontract. The court finds no evidence in the record that would support a finding of Safway's negligence.

The court notes that the arguments set forth and authorities cited by the parties pertain generally to indemnification against damages. As addressed above, the third-party plaintiffs have been dismissed on summary judgment and cannot be held liable for damages in this case. They now seek indemnity for attorneys' fees and costs; yet, they have cited no authority in support of the proposition that such expenses are recoverable under the facts of this case or pursuant to the language of the agreement at issue here, which does not expressly provide for attorneys' fees. The parties certainly could have included such a provision in the indemnity agreement – as contracting parties quite often do – had they so desired. The absence of the provision, however, indicates that such coverage was not intended by the parties.

As no genuine issue of material fact exists in this matter, the court finds that the third-party defendant is entitled to summary judgment.

Conclusion

For the foregoing reasons, the court finds that Safway's motion for summary judgment is well-taken, and the third-party complaint against Safway should be dismissed. A separate order in accord with this opinion shall issue this day.

This, the 26th day of September, 2005.

/s/ Neal Biggers

_____
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**